IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELVYN O. WALTON, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 05-C-3809 |
| v. | ) |
| | ) JUDGE DAVID H. COAR |
| JOHN E. POTTER, Postmaster General, | ) |
| United States Postal Service | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before this court is a motion to dismiss filed by Defendant John E. Potter ("Potter") against Melvyn O. Walton, Jr. ("Walton") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendants' motion is DENIED.

**STANDARD**

On a motion to dismiss, the Court accepts all well-pleaded allegations in the plaintiff's complaint as true. Fed. R. Civ. Plaintiff. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). A complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A complaint that complies with the Federal Rules of Civil Procedure cannot be dismissed because it fails to allege facts. The Rules require simply that the complaint state a claim; they do

not require the complaint to plead facts that would establish the validity of that claim. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). "All that need be specified are the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Id.* (citing *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir. 2002)). The Seventh Circuit has held that stating a claim in a complaint in federal court requires only "a short statement, in plain (that is, non-legalistic) English, of the legal claim." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). Plaintiffs "don't have to file long complaints, don't have to plead facts, don't have to plead legal theories." *Id.*

With respect to Defendant's assertion of the statute of limitations as an affirmative defense, it should first be noted that statutes of limitations serve as disfavored grounds for dismissal in the Seventh Circuit, which has "deemed it irregular to dismiss a claim as untimely" at this stage. *See Covington v. Mitsubishi Motor Mfg. of Am., Inc.*, 154 Fed.Appx. 523 (7th Cir. 2005). "[D]ismissal under Rule 12(b)(6) on the basis of an affirmative defense is appropriate only where the plaintiff pleads himself out of court by 'admit[ting] all the ingredients of an impenetrable defense.'" *Id.* (citing *Xechem, Inc. v. Bristol-Myers Sguibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)). "Complaints need not anticipate or attempt to defuse potential defenses." *United States Gypsum v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2004) (citing *Gomez v. Toledo*, 446 U.S. 635 (1980)).

At the same time, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). For this reason, if a cause of action is time-barred from the face of the complaint, a court

need not hesitate to dismiss it. *See, e.g., Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 670-71 (7th Cir. 1998); *Treganza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993). "The statute of limitations issue may be resolved definitively on the face of the complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 688 (7 Cir. 2004) (citing *U.S. Gypsum Co.,* 350 F.3d at 626) (citations omitted). But "[u]nless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development." *Foss v. Bearns, Stearns & Co., Inc.*, 394 F.3d 540, 542 (7th Cir. 2005).

## FACTS[1]

Plaintiff received a Notice of Right to Sue from the Office of the Equal Employment Opportunity Commission ("EEOC") on March 29, 2005. Compl. at 2. On Friday June 24, 2005, Plaintiff presented his complaint in the instant matter to the Clerk of Court for this court,[2] who's agents informed him that two additional copies would be necessary, and that his complaint would not be accepted. Second Am. Compl. ¶ 12-13. These events were repeated on Monday June 27, 2005, in that a court worker informed him that he would need still another set of copies, and that it would not be accepted. Id. ¶ 15. The instant complaint was then filed without incident on Wednesday, June 29, 2005. Id. ¶ 18.

## ANALYSIS

---

[1]The "facts" alleged in the complaint are assumed true for purposes of this motion.

[2]It should also be noted that Plaintiff was representing himself as a pro se plaintiff at this point in time. Pro se status does not itself establish sufficient grounds for ignoring a statute of limitations, but at a general level a court must apply "less stringent standards" than it otherwise would to "formal pleadings drafted by lawyers." *See Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).

Defendant asserts that Plaintiff failed to allege a claim on which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Specifically, Potter contends that Defendant has admitted that his complaint "was filed more than 90 days after Walton received the Final Agency Decision denying his administrative claim of discrimination," Am. Mot. to Dismiss ¶ 3, and that the statute of limitations on Plaintiff's claim is therefore untimely and should be dismissed.  Defendant sought to address this concern in his Second Amended Complaint, in which he maintains that his mother's illness, along with mistaken procedural demands at the clerk's office, make equitable tolling appropriate.  Second Am. Compl. ¶¶ 10-18. Defendant responds that the Plaintiff's reasons are not adequate grounds to equitably toll the claim's statute of limitations.  For the purposes of this motion to dismiss, we disagree.

As a threshold matter, it is unclear that equitable tolling is even necessary in light of the events described in the Second Amended Complaint.  Plaintiff presented his claim on June 24, well before the passing of the deadline.  Despite Defendant's arguments to the contrary, the adequacy of Plaintiff's documentation at that point may be irrelevant to the complaint's effective date for statute of limitations purposes: "a clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules." *Robinson v. Doe*, 272 F.3d 921, 922-23 (7th Cir. 2001), cert denied, 122 S.Ct. 1976 (2002) (quotations omitted; citing Fed.R.Civ.P. 5(e)).  Taking the alleged facts as true, the complaint may properly be deemed as having been filed on June 24.  *See id.* at 922-23 ("The complaint is 'filed' for purposes of [the statute of limitations] when the court clerk receives the complaint, not when it is formally filed in compliance with all applicable rules involving filing fees and the like"); *Etheridge v. United States* Army, 2002 WL 31248473, at *3

(N.D. Ill., Oct. 4, 2002) (not reported); *Burnhope v. Nat'l Mortgage Equity Corp.*, 1987 WL 20131, at *3-4 (N.D. Ill., Nov. 13, 1987) (not reported) (altering the docketed date of a filing because, "[b]y rejecting the tendered documents, the Clerk's office exercised impermissible discretion."). For purposes of this motion, therefore, the complaint was in fact timely.

If the facts cannot establish this constructive filing, Plaintiff has failed to file within the statute of limitations. "A civil action alleging a Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001) (applying 42 U.S.C. § 2000e-5(f)(1)). Plaintiff has acknowledged that he received his right-to-sue letter on March 29, 2005. Compl. at 3. Therefore, the last possible day on which he could have validly filed his complaint was June 27, 2005. Plaintiff's complaint was not received until June 29, 2005, therefore the statute of limitations was not met according to the docket. In fact, Plaintiff seems to have admitted as much at the March 9, 2006 scheduling conference.

"[E]quitable tolling will apply only to exceptional cases, regardless of how minimal the delay in filing." *Wilson v. Battles*, 302 F.3d 745, 749 (7th Cir. 2002); *see also U.S. v. Martello*, 212 F.3d 1005, 1010 (7th Cir. 2000) ("Extraordinary circumstances far beyond the litigant's control must have prevented timely filing."). Tolling "permits plaintiff to avoid the bar of the statute of limitations if, despite all due diligence, he is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Health Care Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). In order to qualify for this equitable exception, a party must establish that he or she either: (1) made a good faith error, or (2) has been prevented from filing in an extraordinary way. *Threadgill* v. *Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001).

In any event, there are sufficient allegations of fact from which the Plaintiff's claim for equitable estoppel could be supported when all inferences are taken in his favor. The court errors alleged could reasonably have affected the Plaintiff's ability to file in a timely fashion. Whether or not the evidence will support this tolling is a question that is best left open until a more complete record has been developed. *See Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir.2003) (at the dismissal stage, "the question is only whether there is any set of facts that if proven would establish a defense to the statute of limitations, equitable tolling and discovery rule context"); *U.S. Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) (holding that the district court had erred by requiring Plaintiff to overcome affirmative defenses in its filings at dismissal stage of litigation).

Defendant correctly asserts that it is possible to dismiss a claim by way of a 12(b)(6) motion, but overstates the law by saying that it is "routinely done." In reality, the Seventh Circuit has deemed it "irregular" to address a statute of limitations issue at this stage of the proceedings. *Covington*, 154 Fed. Appx. at 523. While the Defendant has raised compelling arguments, in light of Plaintiff's allegations from which timeliness or the appropriateness of equitable tolling might be inferred, they do not present an affirmative defense so "ironclad," *Foss*, 394 F.3d at 542, or "impenetrable," *Covington*, 154 Fed.Appx. at 523, as to warrant dismissal before a more complete record has been developed. Whether or not it can be proved, there is a conceivable "set of facts in support of [Plaintiff's] claim which would entitle him to relief." *Conley,* 355 U.S. 41 at 45-46. Therefore, dismissal is inappropriate.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **November 16, 2006**